**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-56247 |
| Plaintiff - Appellee, | D.C. Nos.  3:11-cv-00117-W |
| v. | 3:03-cr-00850-W-3 |
| JOHN HARRELL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Argued and Submitted November 4, 2013
Pasadena, California

Before: McKEOWN, GOULD, and BYBEE, Circuit Judges.

John Harrell appeals the district court's denial of an evidentiary hearing on

his motion under 28 U.S.C. § 2255 to vacate his guilty plea to charges of wire

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

fraud, conspiracy to launder money, and money laundering. We have jurisdiction under 22 U.S.C. § 2253(c) and we affirm the ruling of the district court.[1]

We review the district court's denial of an evidentiary hearing for an abuse of discretion. *United States v. Blaylock*, 20 F.3d 1458, 1464-65 (9th Cir. 1994). "To demonstrate that the district court erred in not granting an evidentiary hearing, (1) [petitioner] must allege specific facts which, if true, would entitle him to relief; and (2) the petition, files and record of the case cannot conclusively show that he is entitled to no relief." *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004).

Harrell first contends that his lawyer did not adequately prepare before Harrell entered his guilty plea. This argument was properly dismissed without an evidentiary hearing because Harrell did not point to specific acts that his attorney at the time should have done and did not establish that he was prejudiced by the alleged lack of preparation. *United States v. Cronic*, 466 U.S. 648, 666 (1984)*; Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (holding that where the alleged ineffectiveness of counsel is a failure to investigate or prepare, prejudice only results if further investigation "would have led counsel to change his recommendation as to the plea.").

---

[1] These arguments were previously rejected on direct appeal by another panel of this Circuit. *United States v. Harrell*, 324 Fed. App'x. 668 (9th Cir. 2009).

Harrell next contends that he was pressured to enter a guilty plea because his lawyer had a deed of trust on the home where his wife lived. But the record does not show evidence that he or his wife were pressured in this regard, and his allegations at this stage are directly contradicted by his testimony during his plea colloquy that no one had threatened him to induce his plea.

Finally, Harrell contends that his lawyer made promises of a reduced sentence that led him to plead guilty. Again, the colloquy of his plea contradicts his current position because he stated under oath that there were no undisclosed deals inducing him to plead guilty. Further, although Harrell interpreted Jordan's statement as a promise of a more formal agreement, Jordan was actually correct in advising Harrell that he would receive "favorable treatment at sentencing" based on a guilty plea because the court granted him a two-level adjustment for acceptance of responsibility in reliance on his plea. Even if the advice were inaccurate, it was not the kind of particularly egregious sentencing prediction required to support a claim of ineffective assistance of counsel. *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990).

The district court made logical and plausible inferences from the record in determining that Harrell's claims were not sufficient to warrant an evidentiary hearing. *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).

AFFIRMED.